IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENIHANA OF TOKYO, LLC, as successor to BENIHANA OF TOKYO, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANGELO, GORDON & CO., BENIHANA, INC. as successor to BENIHANA NATIONAL CORP., AND NOODLE TIME, INC., <br><br> Defendants. | CIVIL NO. 15-00028 ACK-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND[1]

Before the Court is Plaintiff's Motion to Remand, filed March 15, 2015 ("Motion"). ECF No. 18. Plaintiff Benihana of Tokyo, LLC ("BOT") asserts that removal of this action from state court was inappropriate because Defendant Angelo, Gordon & Co. ("AGC") is a non-diverse defendant. Defendants filed an Opposition to the Motion on April 2, 2015, asserting that Defendant AGC was fraudulently joined. ECF No. 22. Plaintiff filed its Reply on April 16, 2015. ECF No. 23. The Court found

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 19.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

BACKGROUND

Since late 1994, Plaintiff BOT and Defendant Benihana, Inc. ("BI") have been engaged in a business relationship related to the Benihana restaurants.  See ECF No. 1-1 ¶ 12.  At that time, Plaintiff BOT and Defendant BI entered into the Amended and Restated Agreement and Plan of Reorganization ("ARA"), which divided the business of the Benihana restaurants between Plaintiff BOT and Defendant BI.  Id. ¶¶ 13-20.  Under the ARA, Defendant BI has the right to operate all of the Benihana restaurants in the United States, Central America, South America, and the Caribbean.  Id. ¶ 13.  Plaintiff BOT has the right to operate all of the Benihana restaurants outside of those regions.  Id.  However, under a license agreement, Plaintiff BOT has the right to operate the Benihana restaurants in Hawaii, with the exception of a certain area on Maui.  Id. ¶¶ 17-19.

Plaintiff BOT alleges that its business relationship with Defendant BI began to deteriorate starting in 2012 when

2

Defendant AGC acquired Defendant BI. Id. ¶¶ 21-29. Plaintiff BOT alleges that after Defendant AGC acquired Defendant BI, Defendant AGC repeatedly approached Plaintiff BOT's chief executive officer and made offers to purchase Plaintiff BOT. See id. ¶¶ 22, 28 Plaintiff BOT alleges that when it rejected the offers to sell, Defendant AGC and Defendant BI "went on the offensive" and engaged in a "concerted effort to force an unwilling BOT to sell." Id. ¶ 24. Plaintiff BOT alleges that "the Defendants have engaged in a strategy aimed at inflicting damage" to Plaintiff BOT's reputation and finances. Id.

As part of this purported strategy, Plaintiff BOT asserts that Defendant BI has refused to uphold its duties under the ARA and the licensing agreement for the Hawaii Benihana restaurants, including publishing "false and misleading" statements on its website related to Benihana's 50th anniversary. Id. ¶¶ 25. Plaintiff BOT also alleges that "AGC and BI initiated a plan to litigate multiple cases against BOT" to harm Plaintiff BOT's reputation and force it to incur significant litigation expenses. Id. ¶ 26. Plaintiff BOT alleges that "Defendants have also baselessly threatened litigation, forcing BOT to initiate its own litigation simply to protect its interests." Id. ¶ 27. A significant portion of the First Amended Complaint is devoted to Plaintiff BOT's allegations related to a private arbitration and several recent actions filed in federal court in Delaware and

3

New York. See id. ¶ 33-84. Plaintiff BOT alleges that "Defendants have continually reminded BOT that the excessive litigation could end if BOT simply acquiesced and agreed to sell." Id. ¶ 28.

Plaintiff BOT's Amended Complaint asserts five claims related to the alleged unnecessary litigation and purported misstatements: common law unfair competition, unfair competition under Hawaii Revised Statutes Section 480-2; breach of contract; deceptive trade practices under Hawaii Revised Statutes Section 481A-3; and false advertising under Hawaii Revised Statutes Section 708-871. Id. at 20-24. Plaintiff BOT does not specifically name Defendant AGC in any of the five claims listed in the First Amended Complaint. The five claims do specifically reference Defendant BI's "bringing unnecessary litigation" against Plaintiff BOT, Defendant BI's "false and misleading" statements on "its website," and Defendant BI's "actions in breach the ARA," to which only Plaintiff BOT and Defendant BI are parties. See id. ¶¶ 103-109.

Before Plaintiff BOT filed the present action in state court, it filed an action alleging the same five claims against the same Defendants in federal court. See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., Benihana, Inc., Noodle Time, Inc, and Benihana National Corp., Civil No. 14-00442 ACK-BMK, filed September 30, 2014. According to Plaintiff BOT, it mistakenly

4

asserted in that action that there was complete diversity between the parties, but Plaintiff BOT and Defendant AGC are both citizens of New York. See ECF No. 18 at 3. Plaintiff BOT asserts that after it realized its error, it voluntarily dismissed the federal suit on October 3, 2014, without ever serving Defendants. Id. On the same day, Plaintiff BOT filed the present action against the same Defendants alleging the same claims in the Circuit Court of the First Circuit of Hawaii. See ECF No. 6-3. On December 22, 2014, Plaintiff BOT filed its First Amended Complaint to include additional factual information. See ECF No. 1-1.

Defendants removed this action on January 26, 2015. ECF No. 1. On the same day, Defendants filed a Motion to Dismiss, or in the Alternative, Transfer Venue to the Southern District of New York. ECF No. 2. In that Motion, Defendants argue that this case should be dismissed or transferred to the Southern District of New York. See ECF No. 2-1. On February 2, 2015, Defendants filed a second Motion to Dismiss, arguing that venue in this forum is improper, the First Amended Complaint fails to state a claim, and that the court lacks personal jurisdiction over Defendant AGC. See ECF No. 10-1. Both Motions to Dismiss are set for hearing before the district court on May 18, 2015.

In the present Motion, Plaintiff BOT argues that remand

is appropriate because the Court lacks subject matter jurisdiction. Specifically, Plaintiff BOT contends that there is no complete diversity because Plaintiff BOT and Defendant AGC are citizens of the same state. Defendants argue that Defendant AGC was fraudulently joined as a sham defendant to defeat jurisdiction and, therefore, jurisdiction is proper in federal court.

DISCUSSION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the

plaintiffs be a citizen of a different state than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Here, the parties do not dispute that Plaintiff BOT and Defendant AGC are both citizens of New York.

One exception to the requirement of complete diversity "is where a non-diverse defendant has been 'fraudulently joined.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting Morris, 236 F.3d at 1067).  Fraudulent joinder is a "term of art."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity."  Hunter, 582 F.3d at 1043.

There is a "general presumption against fraudulent joinder," which must be proven by "clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  In proving fraudulent joinder, the defendants may go beyond the pleadings and "present the facts showing the joinder to be fraudulent."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe, 811 F.2d at 1339); see also Morris, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted).  The defendant asserting fraudulent joinder bears the heavy burden of facing

7

both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder.  Hunter, 582 F.3d at 1046.

To determine whether Defendant AGC was fraudulently joined, Defendants must show that Plaintiff BOT's failure to state a claim against Defendant AGC is "obvious" under "settled" Hawaii law.  See McCabe, 811 F.2d at 1339 (joinder is fraudulent if plaintiff's failure to state a claim against the non-diverse defendant is "obvious according to the settled rules of the state."); Morris, 236 F.3d at 1068 (finding that plaintiff's failure to state a claim against non-diverse defendants was "obvious according to settled law"); Hunter, 582 F.3d at 1048 (holding that plaintiff's complaint "does not indicate that she has obviously failed to state a claim against [the non-diverse defendant]").  The defendant must show "that there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court."  Coastal Constr. Co. v. N. Am. Specialty Ins. Co., Civ. No. 10-00206 DAE-BMK, 2010 WL 2816694, at *4 (D. Haw. July 14, 2010) (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cr. 1998)).  "[A]ll disputed questions of fact and all uncertainties in the controlling state law must be resolved in favor of the plaintiff."  Id.

Fraudulent joinder "does not require an ill motive." Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000) (citing McCabe, 811 F.2d at 1339); Albi v. St. & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) ("it is universally thought that the motive for joining such a defendant is immaterial"). Rather, the Court's inquiry focuses on whether Defendants have demonstrated that Plaintiff BOT's claims against Defendant AGC "obvious[ly]" fail under "settled" Hawaii law. See McCabe, 811 F.2d at 1339. As detailed below, the Court finds that Defendants have failed to meet this heavy burden.

As an initial matter, the Court rejects Defendants' argument that each of Plaintiff BOT's claims against Defendant AGC necessarily fail because Plaintiff BOT did not name Defendant AGC in any of the specific counts in the First Amended Complaint. See ECF No. 22 at 12-16. Plaintiff BOT concedes that it failed "to specifically name [Defendant] AGC in each of its counts" due to an "inadvertent omission." ECF No. 18 at 9. Plaintiff BOT notes that in its First Amended Complaint, it references the Defendants' collective liability and makes specific allegations that Defendant AGC owns Defendant BI. Id.

As noted by another district court faced with similar circumstances, "when the theory of a complaint is unclear or inartfully pled, as here, courts have not confined their focus to the claim explicitly brought against the alleged sham defendant."

9

Alderman v. Pitney Bowes Mgmt. Servs., 191 F. Supp. 2d 1113, 1116 (N.D. Cal. 2002) (citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995) (considering causes of action not in the complaint); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (considering a theory of liability not in the complaint); see also Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1010 n.4 (N.D. Cal. 2001) (rejecting the defendants argument that the claims against the non-diverse defendant fails because "the Complaint does not particularly attribute any conduct" to the non-diverse defendants and instead examining the general allegations of the complaint relating to all defendants).

In Alderman, the plaintiff named the two allegedly fraudulently joined non-diverse defendants in one cause of action, for which individual liability was not available. Id. at 1115. However, the plaintiff failed to name the two non-diverse defendants in the other two causes of action as "a result of inartful pleading." Id. The court noted that "to seek liability against [the non-diverse defendants] . . . plaintiff would not be required to allege any additional facts, but simply would have to clarify, in her complaint, that certain claims already in the complaint are also brought against [them]." Id. at 1115-16. Given the heavy burden and the presumption against removal, the court concluded that "an overly mechanistic approach" was not

appropriate. Id. at 1116. The court held that because "plaintiff has avowed her desire to seek individual liability against the defendants in question" and such claims would be viable under the facts alleged and the causes of action pled, the case should be remanded to state court. Id. The Court finds the district court's reasoning in Alderman to be persuasive and instructive. In determining whether Defendants have met their burden of proving fraudulent joinder, the Court will not limit its consideration of the allegations against Defendant AGC simply because Plaintiff BOT fail to name Defendant AGC in the specific claims.

After considering the parties' arguments and Plaintiff BOT's allegations in the First Amended Complaint, the Court finds that Defendants have failed to show that all of Plaintiff BOT's claims obviously fail under settled Hawaii law. In its Motion, Plaintiff BOT asserts that Defendant AGC "controls" Defendant BI's conduct and is therefore liable for each claim in the First Amended Complaint. ECF No. 18 at 12. The Court may consider this assertion because it is consistent with the allegations in the First Amended Complaint. See Lovell v. United Airlines, Inc., No. CIV. 09-00146 ACK-LK, 2009 WL 3172729, at *3 (D. Haw. Oct. 2, 2009) ("the court may consider the plaintiff's factual assertions (whether in a brief, an affidavit, or in some other form), that elaborate on the allegations of the complaint, so

11

long as those factual assertions are not inconsistent with the allegations of the complaint.") (citation omitted)). Specifically, in the First Amended Complaint, Plaintiff BOT alleges that it did not have any issues with Defendant BI until Defendant AGC acquired Defendant BI. ECF No. 1-1 ¶ 20. Plaintiff alleges that Defendant AGC "exacerbated any issues" between the parties after it acquired Defendant BI. Id. ¶ 30. Plaintiff BOT also alleges that Defendant AGC's plan for Defendant BI was to "implement a growth strategy." Id. ¶ 21. Plaintiff BOT alleges that "AGC fired BI's top management." Id. ¶ 23. Plaintiff BOT alleges that Defendant AGC and Defendant BI engaged in a "concerted effort" to damage Plaintiff BOT and that they both "initiated a plan to litigate multiple cases" against Plaintiff BOT. Id. ¶¶ 24, 26. Regarding Defendant BI's attempt to terminate the licensing agreement, Plaintiff BOT alleges that Defendant AGC "saw an opportunity to take over the Honolulu Benihana and seized the chance to claim the restaurant - and its substantial revenues - for itself." Id. ¶ 46. Plaintiff BOT's assertion in its Motion that Defendant AGC controls Defendant BI is consistent with these allegations in the First Amended Complaint.

Regarding Plaintiff BOT's claims for common law unfair competition and unfair competition under Hawaii Revised Statutes Section 480-2, these two claims are based on allegations related

to "unnecessary litigation and publishing misleading and false statements" on Defendant BI's website. See ECF No. 1-1 ¶¶ 87, 92. Defendant argues that these claims "are based on factual allegations that have nothing to do" with Defendant AGC. ECF No. 22 at 20. Although, as noted above, the actual claims do not mention Defendant AGC, the preceding allegations in the First Amended Complaint make multiple references to Defendant AGC's conduct. For example, Plaintiff BOT alleges that collectively "Defendants have initiated unnecessary litigation and engaged in unfair competition against BOT" since 2012. ECF No. 1-1 ¶¶ 27, 29. Defendants also argue that Plaintiff BOT's claims related to "unnecessary litigation" are insufficient to support a claim of unfair competition. See ECF No. 22 at 17-18. However, Defendants do not cite any Hawaii case law to support that proposition. Instead, Defendants argue that Plaintiff BOT cannot support a claim for malicious prosecution or abuse of process, which are not asserted in the First Amended Complaint. See ECF No. 22 at 18. Defendants have failed to point to any authority to support their argument that pursuing unnecessary litigation cannot factually support a claim for unfair competition.

Although Defendants may be correct that Plaintiff BOT's claim for breach of contract fails as to Defendant AGC because Defendant AGC is not a party to the ARA, they have not made the requisite showing for Plaintiff BOT's claims for deceptive trade

practices and false advertising.  These claims are based on Plaintiff BOT's allegations that "misstatements" on Defendant BI's website are false and will cause consumer confusion.  See ECF No. 1-1 ¶¶ 104, 108.  Defendants correctly note that these misstatements are allegedly made by Defendant BI on Defendant BI's website.  See ECF No. 22 at 20-22.  However, as discussed above, the Court considers Plaintiff BOT's assertion that Defendant AGC controlled Defendant BI's actions and Plaintiff BOT's general allegation that "Defendants are causing consumer confusion and damaging BOT's reputation."  ECF No. 1-1 ¶ 27.  In light of Plaintiff BOT's assertion of control and the allegations in the First Amended Complaint, the Court finds that Defendants have failed to carry their heavy burden to demonstrate that Plaintiff BOT's claims obviously fail against Defendant AGC under settled Hawaii law.  See Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand").  Defendants have failed to show that there is no possibility that Plaintiff BOT can state a cause of action against Defendant AGC.  Accordingly, the Court FINDS and RECOMMENDS that Plaintiff BOT's Motion to Remand be GRANTED.

## CONCLUSION

The Court FINDS that Defendants improperly removed this action and RECOMMENDS that the district court GRANT Plaintiff's

14

Motion to Remand this action to the First Circuit, State of Hawaii.  <u>See</u> 28 U.S.C. § 1447(c).

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, APRIL 17, 2015.



                                                    Richard L. Puglisi
                                                    United States Magistrate Judge

**<u>BENIHANA OF TOKYO, LLC, V. ANGELO, GORDON & CO., ET AL.</u>; CIVIL NO. 15-00028 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**