IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENIHANA OF TOKYO, LLC, as successor to BENIHANA OF TOKYO, INC., | ) ) ) ) | Civ. No. 15-00028 ACK-RLP |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ANGELO, GORDON & CO., BENIHANA, INC., as successor to BENIHANA NATIONAL CORP., and NOODLE TIME, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**

For the following reasons, the Court hereby OVERRULES Defendants' Objections and ADOPTS the Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion to Remand, entered April 17, 2015. (Doc. No. 25.)

**PROCEDURAL AND FACTUAL BACKGROUND**

This case arises out of a dispute between the parties over their business relationship regarding the Benihana restaurants. In late 1994, Plaintiff Benihana of Tokyo, LLC ("BOT") and Defendant Benihana, Inc. ("BI") entered into an Amended and Restated Agreement and Plan of Reorganization ("ARA"), under which they divided the business of the Benihana

restaurants between them. (First Amended Compl. ("FAC") (Doc. No. 1-1) ¶¶ 12-20.) Under the ARA, Defendant BI has the right to operate all of the Benihana restaurants in the United States, Central America, South America, and the Caribbean, and Plaintiff BOT has the right to operate all the restaurants outside of those regions. (Id. ¶ 13.) Under a separate license agreement, Plaintiff BOT has the right to operate the Benihana restaurants in Hawaii, with the exception of a certain area on Maui. (Id. ¶¶ 17-19.)

In the instant suit, Plaintiff BOT alleges that the business relationship between Plaintiff and BI began to deteriorate in 2012, when Defendant Angelo, Gordon & Co. ("AGC") acquired BI. (Id. ¶¶ 21-29.) Specifically, Plaintiff alleges that when it rejected multiple offers for its purchase from AGC, AGC and BI "went on the offensive," engaging in a "concerted effort to force an unwilling BOT to sell," and "a strategy aimed at inflicting damage" to BOT's reputation and finances. (Id. ¶ 24.) Plaintiff alleges that BI has refused to uphold its duties under the ARA and licensing agreement for the Hawaii Benihana restaurants by, among other things, publishing "false and misleading" statements on BI's website regarding Benihana's 50th anniversary. (Id. ¶ 25.) Plaintiff BOT also alleges that, as a part of their efforts to harm BOT's reputation and finances, "AGC and BI initiated a plan to litigate multiple cases against BOT,"

"forcing BOT to initiate its own litigation simply to protect its interests." (Id. ¶¶ 27, 33-84.) Plaintiff BOT alleges that "Defendants have continually reminded BOT that the excessive litigation could end if BOT simply acquiesced and agreed to sell." (Id. ¶ 28.)

Plaintiff BOT filed its original complaint in the instant action in the Circuit Court of the First Circuit of Hawaii on October 3, 2014.[1] (Doc. No. 6-3.) On December 22, 2014, Plaintiff filed its First Amended Complaint, including additional factual information. (Doc. No. 1-1.) The First Amended Complaint asserts five claims against the Defendants: common law unfair competition, unfair competition under Hawaii Revised Statutes Section 480-2, breach of contract, deceptive trade practices under Hawaii Revised Statutes Section 481A-3, and false advertising under Hawaii Revised Statutes Section 708-871. (Id. at 20-24.)

---

[1] Before Plaintiff BOT filed the action in state court, it filed an action alleging the same five claims against the same Defendants in federal court. See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., Benihana, Inc., Noodle Time, Inc, and Benihana National Corp., Civil No. 14-00442 ACK-BMK, filed September 30, 2014. According to Plaintiff, it mistakenly asserted in that action that there was complete diversity between the parties, but Plaintiff BOT and Defendant AGC are both citizens of New York. (See Mot. to Remand at 3.) Plaintiff BOT asserts that after it realized its error, it voluntarily dismissed the federal suit on October 3, 2014, without ever serving Defendants. (Id.) On the same day, it re-filed its complaint in state court.

3

Defendants removed this action on January 26, 2015.[2]
(Doc. No. 1.) On March 3, 2015, Plaintiff BOT filed its Motion
to Remand, arguing that remand to state court is appropriate
because this Court lacks subject matter jurisdiction. (Doc. No.
18.) Specifically, Plaintiff BOT asserts that there is no
complete diversity among the parties because Plaintiff and
Defendant AGC are both citizens of New York. Defendants counter
that Defendant AGC was fraudulently joined as a sham defendant to
defeat jurisdiction and, thus, jurisdiction is proper in federal
court.

On April 17, 2015, Magistrate Judge Puglisi issued his
Findings and Recommendation to Grant Plaintiff's Motion to
Remand. (Doc. No. 25 ("4/17/15 F&R").) Defendants filed their
Objections to the Findings and Recommendation on May 1, 2015.
(Doc. No. 28.) Plaintiff BOT filed its response to the Objections
on May 15, 2015. (Doc. No. 30.) On May 20, 2015, Defendants filed
a Motion for Leave to File Reply in Further Support of their

---

[2] On the same date, Defendants filed a Motion to Dismiss, or in the Alternative, Transfer Venue to the Southern District of New York. (Doc. No. 2.) On February 2, 2015, Defendants filed a second Motion to Dismiss, arguing that venue in this forum is improper, the First Amended Complaint fails to state a claim, and that the Court lacks personal jurisdiction over Defendant AGC. (Doc. No. 10.) On April 21, 2015, the Court notified the parties that it would address the Motion to Remand before setting a hearing date for Defendants' two motions. (Doc. No. 27.)

Objections.[3] (Doc. No. 31.)

**STANDARD**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Bright, 2009 WL 5064355, *3; Local Rule 74.2.

---

[3] While the Court finds it largely duplicative and unnecessary, the Court will nevertheless GRANT Defendants' Motion for Leave and consider their Reply.

5

**DISCUSSION**

In the 4/17/15 F&R, the magistrate judge found that Defendant AGC was not fraudulently joined and thus, in light of the lack of complete diversity among the parties, this Court lacks diversity jurisdiction over the instant matter. The basis for diversity jurisdiction is set forth in 28 U.S.C. § 1332, which states in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . .." 28 U.S.C. § 1332(a)(1).

Defendants challenge the magistrate judge's finding of a lack of diversity of citizenship. Judge Puglisi concluded that, because Defendant AGC was not fraudulently joined, and Plaintiff BOT and Defendant AGC are both citizens of New York, the Court lacks diversity jurisdiction over the instant matter. In their Objections, Defendants assert that Defendant AGC was fraudulently joined and that its presence should therefore not be considered in evaluating whether there is diversity of citizenship. In the absence of Defendant AGC, complete diversity of citizenship exists. The critical question is therefore whether Defendant AGC was fraudulently joined.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is

6

ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "Fraudulent joinder must be proven by clear and convincing evidence," Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (5th Cir. 1998)), as "there is a general presumption against fraudulent joinder," id. (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1998)).

In evaluating the issue of fraudulent joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir .2004) (en banc). The removing defendant must show "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461. All ambiguities in state law must be resolved in the plaintiff's favor. Dodson, 951 F.2d at 42. In addition to examining the complaint, "the court may consider the plaintiff's

7

factual assertions (whether in a brief, an affidavit, or in some other form), that elaborate on the allegations of the complaint, so long as those factual assertions are not inconsistent with the allegations of the complaint." Lovell v. United Airlines, Inc., Civ. No. 09-00146 ACK-LEK, 2009 WL 3172729 at *3 (D. Haw. Oct. 2, 2009) (citations omitted). "[T]he plaintiff has at least as much latitude in responding to . . . a claim of fraudulent joinder as he would have in responding to a motion to dismiss for failure to state a claim." Id. (quoting Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 961 (S.D. Ind. 1999)). With these principles in mind, the Court turns to the validity of BOT's claims against Defendant AGC.

As an initial matter, Defendants argue that Plaintiff's failure to specifically name AGC in each of the five counts of the First Amended Complaint is justification in and of itself for denying remand. (Obj. at 7.) The Court disagrees. There is no dispute that Plaintiff BOT failed to specifically name AGC in each of the counts in the First Amended Complaint; however, notwithstanding this omission, on its face the complaint clearly contemplates that the claims be brought against not only Defendant BI, but also against AGC. Indeed, the complaint contains numerous allegations supporting Plaintiff's assertion that it is bringing the claims as against AGC.

Specifically, each of the numbered counts states that

it "refers to and realleges" all of the prior allegations, thereby incorporating those allegations specifically regarding Defendant AGC's alleged conduct. (FAC ¶¶ 85, 90, 95, 102, 107.) And as the magistrate judge noted, the incorporated paragraphs include numerous allegations clearly implicating AGC in the harms alleged.

For example, the First Amended Complaint states that the relationship between BOT and BI was "good" until "AGC acquired BI." (Id. ¶ 20.) BOT asserts that "AGC exacerbated any existing issues" between BOT and BI when it acquired BI. (Id. ¶ 30.) BOT alleges that AGC was the impetus behind the attempt to purchase BOT, (id. ¶¶ 22-24,) and that it was BOT's rejection of the purchase offer that set off the dispute between the parties. Thus, BOT alleges that when it rejected the purchase offer "AGC and BI went on the offensive," and "in a concerted effort to force an unwilling BOT to sell, the Defendants . . . engaged in a strategy aimed at inflicting damage to BOT's well-developed reputation and simultaneously financially degrading the company." (Id. ¶ 24.)

BOT further alleges that "AGC and BI initiated a plan to litigate multiple cases against BOT," thereby damaging its reputation and finances. (Id. ¶ 26.) The First Amended Complaint also contains allegations implicating AGC in BI's attempt to terminate the licensing agreement with BOT. (See id. ¶¶ 46, 60.)

9

Finally, in a paragraph that appears directly before the enumerated counts, Plaintiff summarizes the factual allegations against "Defendants" and states that "they have engaged in unfair competition and made false statements, in violation of Hawaii law. In addition, Defendants have breached the ARA." (Id. ¶ 84.)

Thus, based on the allegations in the First Amended Complaint, the Court is satisfied that Defendant AGC is one of the individuals that engaged in the conduct for which Plaintiff seeks a remedy. In light of this, Plaintiff's failure to specifically name AGC in each numbered count is therefore insufficient to support a finding of fraudulent joinder. See Alderman v. Pitney Bowes Mgmt. Svcs., 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) (where a plaintiff failed to specifically name the defendant in question in each count, holding that, "because plaintiff has avowed her desire to seek individual liability against the defendants in question and can, undoubtedly, so seek liability under the facts alleged and the causes of action pled in plaintiff's complaint, the court determines that defendant has not carried its burden of demonstrating fraudulent joinder"); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is

necessary." (quoting Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007))); Parks v. The New York Times Co., 308 F.2d 474, 477 (5th Cir. 1962) ("[D]etermination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment. Doubt as to whether under the state law a case of joint liability is stated . . . will not render the joinder fraudulent.").

Moreover, as to the substance of the allegations themselves, Defendants have failed to demonstrate that all of Plaintiff's claims against AGC must "obvious[ly]" fail under "settled" Hawaii law. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

First, as to the claims for common law unfair competition and unfair competition under Hawaii Revised Statutes Section 480-2, these claims are based upon allegations of "unnecessary litigation" and "publishing misleading and false statements" on Defendant BI's website. (FAC ¶¶ 87, 92.) As discussed above, there are clearly factual allegations in the First Amended Complaint referencing Defendant AGC's role in these actions. (Id. ¶¶ 17-18, 27, 29.) Moreover, Defendants have not demonstrated that such allegations are clearly insufficient to support a claim under Hawaii's broad definition of unfair

competition.[4/] See, e.g., Han v. Yang, 931 P.2d 604, 619 (Haw. App. 1997) (noting that Hawaii's unfair competition statute "was constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices").

Defendants argue, however, that AGC had no involvement in the alleged litigation and website statements and, thus, these causes of action must fail as to AGC. (Obj. at 12.) To support this argument, Defendants cite the affidavit of D. Forest Wolfe, General Counsel of AGC, in which Mr. Wolfe states that AGC has never itself initiated litigation against BOT, or instructed BI to do so, and that AGC has no control over BI's website. (Obj., Ex. A.) This statement is somewhat contradicted, however, by an email chain submitted by Plaintiff in support of the Motion to

---

[4/] The Court is unpersuaded by Defendants' perfunctory argument that Plaintiff's unfair competition claims must fail because "engaging in litigation cannot constitute unfair competition, because such a claim would violate Supreme Court precedent applying the Noerr-Pennington doctrine." (Obj. at 18; Reply at 4 n.4.) This argument, essentially raising a First Amendment defense to the unfair competition claims, asks the Court "to go to the merits of Plaintiff's case against all defendants and an analysis of federal law." Hunter, 582 F.3d at 1045. However, the Ninth Circuit has clearly stated that such an analysis would go beyond the scope of the Court's proper inquiry for purposes of fraudulent joinder. Id. (rejecting a defendant's preemption argument brought to support a claim of fraudulent joinder); see also Correa v. ADP, Inc., Civ. No. 13-00488 HG-KSC, 2013 WL 6799944, at *7 (D. Haw. Dec. 19, 2013) (Courts do not consider possible defenses that go to the merits of the case in determining whether the joinder of a defendant was fraudulent).

Remand, which appears to show Richard Leonard, the Managing Director of AGC, discussing, among other things, the ongoing litigation between BOT and BI, suggesting that AGC may have had some role in the ongoing dispute between BI and BOT. (Doc. No. 23, Ex. 1.) As discussed above, when determining whether removal is proper, the Court must "resolve[] all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042. Thus, the Court is required to resolve the apparent factual dispute as to AGC's role in the allegedly unfair trade practices in Plaintiff's favor. As such, the Court cannot conclude that, as Defendants assert, BOT's allegations against AGC are merely conclusory and have no plausible basis in fact. The Court therefore finds that Defendants have failed to demonstrate by clear and convincing evidence that Plaintiff's unfair competition claims "obviously fail" under Hawaii law. See Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Having determined that Plaintiff BOT appears to have at least one potentially valid claim as against Defendant AGC, the Court need not examine the other claims in the First Amended Complaint to conclude that Defendants have failed to demonstrate fraudulent joinder here.[5/] See, e.g., Cnty. of Hawaii v. Univev,

---

[5/] The Court notes that Defendants spend much ink in their Objections and Reply on the proper standard for "piercing the corporate veil." (See Obj. at 14-17; Reply at 9-11.) These arguments are unavailing, however, as the Court concludes that the allegations in the First Amended Complaint are sufficient to

13

LLC, No. CV 09-00368 ACK-LEK, 2010 WL 520696, at *10 (D. Haw. Feb. 11, 2010) (noting that "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge (quoting Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nevada 2005))). Defendants have failed to show by clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action against Defendant AGC. Accordingly, the Court finds that Defendants improperly removed this action, and that remand to the First Circuit, State of Hawaii is proper. See 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendants' Objections and ADOPTS the magistrate judge's Finding and Recommendation to Grant Plaintiff's Motion to Remand.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 1, 2015

_____
Alan C. Kay
Senior United States District Judge

---

plausibly state a claim against Defendant AGC as a co-actor, and not under an alter ego theory.