IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENIHANA OF TOKYO, LLC, as successor to BENIHANA OF TOKYO, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANGELO, GORDON & CO., BENIHANA, INC. as successor to BENIHANA NATIONAL CORP., AND NOODLE TIME, INC., <br><br> Defendants | CIVIL NO. 15-00028 ACK-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART LOCAL COUNSEL FOR PLAINTIFF'S APPLICATION REGARDING AWARD OF ATTORNEY'S FEES AND COSTS AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART LOCAL COUNSEL FOR PLAINTIFF'S APPLICATION
REGARDING AWARD OF ATTORNEY'S FEES AND COSTS AND
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES[1]

Before the Court is Local Counsel for Plaintiff's Application Regarding Award of Attorney's Fees and Costs and Plaintiff's Motion for Attorneys' Fees, filed June 15, 2015 ("Motions"). ECF Nos. 38, 39. Plaintiff Benihana of Tokyo, LLC ("BOT") seeks an award of just costs and actual expenses under 28 U.S.C. § 1447(c) related to the removal of this action. Defendants Angelo, Gordon & Co. ("AGC"), Benihana, Inc. ("BI"), Benihana National Corp., and Noodle Time, Inc. filed their

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Opposition to the Motions on June 29, 2015.  ECF No. 42.
Plaintiff filed its Replies on July 13, 2015.  ECF Nos. 44, 45.
The Court found this matter suitable for disposition without a
hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of
the United States District Court for the District of Hawaii.  ECF
No. 40.  After carefully reviewing the submissions of the parties
and the relevant legal authority, the Court FINDS that an award
of fees and costs is appropriate because Defendants lacked an
objectively reasonable basis for removal and RECOMMENDS that the
district court GRANT IN PART AND DENY IN PART Plaintiff's
Motions.

## BACKGROUND

On April 17, 2015, this Court issued its Findings and
Recommendation to Grant Plaintiff BOT's Motion to Remand.  ECF
No. 25.  In that Findings and Recommendation, this Court rejected
Defendants' argument that Defendant AGC was fraudulently joined
as a sham defendant to defeat jurisdiction.  Id.  The Court found
that remand was appropriate because the Court lacks subject
matter jurisdiction, namely, that there was no complete diversity
because Plaintiff BOT and Defendant AGC are citizens of the same
state.  Id.  Defendants filed Objections to the Findings and
Recommendation.  See ECF No. 28.  On June 1, 2015, the district
court issued its Order Overruling Objections and Adopting
Magistrate Judge's Findings and Recommendation to Grant

Plaintiff's Motion to Remand ("June 1 Order"). ECF No. 35. In the June 1 Order, the district court held that Defendants "failed to show by clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action against Defendant AGC." Id. at 14. Accordingly, the district court adopted the Findings and Recommendation and concluded that remand to state court was proper. Id. In the present Motions, Plaintiff seeks an award of costs and fees related to the removal under 28 U.S.C. § 1447(c).

DISCUSSION

**I. An Award of Just Costs and Actual Expenses Under 28 U.S.C. § 1447(c) is Appropriate.**

Where a case is improperly removed, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has "wide discretion" to award expenses under Section 1447(c). Moore v. Permanente Med. Grp., 981 F.2d 443, 447 (9th Cir. 1992). The standard for awarding attorneys' fees when remanding a case "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (quotations omitted)). "Absent unusual circumstances, the court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

3

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, 546 U.S. at 141. In applying this rule, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065. Instead, the objective reasonableness of the removal depends on the clarity of the applicable case law and whether such law "clearly foreclosed" the defendant's basis for removal. Id. at 1066–67 (citing Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007)).

After careful consideration of the parties' submissions and the record in this action, the Court finds that Defendants did not have an objectively reasonable basis for removal. As the district court noted in its June 1 Order, "on its face the complaint clearly contemplates that the claims be brought against not only Defendant BI, but also against AGC. Indeed, the complaint contains numerous allegations supporting Plaintiff's assertion that it is bringing the claims as against AGC." ECF No. 35 at 8. As the Court noted in its Findings and Recommendation, relevant case law clearly foreclosed Defendants' narrow reading of the Complaint. See ECF No. 25 at 10-11. Additionally, the district court held that "Defendants have failed to demonstrate that all of Plaintiff's claims against ACG

4

must 'obvious[ly]' fail under 'settled' Hawaii law." Id. at 11 (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). In a similar case involving allegations of fraudulent joinder in the context of removal, the district court held that the defendants lacked an objectively reasonable basis for removal "[g]iven the extremely high standard for fraudulent joinder, which requires the Defendants to prove by clear and convincing evidence that there is no possibility of a claim, the facts that Plaintiff has plead and that Defendants admit, and Defendants' knowledge of [the nondiverse defendant's] involvement in this project." County of Haw. v. Univev, LLC, Civ. No. 09-00368 ACK-LEK, 2010 WL 520696, at *13 (D. Haw. Feb. 11, 2010). Similarly, here, the same high standard applied for fraudulent joinder, Plaintiff made "numerous allegations" against Defendant AGC, the Complaint "clearly contemplates" claims against AGC, and there is some evidence that Defendants had knowledge of Defendant ACG's involvement in the disputes at issue. See ECF No. 35 at 12-13. Given the allegations in the Complaint regarding Defendant AGC and the "broad definition of unfair competition" under Hawaii law, the Court concludes that it was not reasonable for Defendants to believe that they could establish that there was no possibility of recovery against Defendant AGC under state law. See id. at 11. Accordingly, the Court finds that Defendants lacked an objectively reasonable basis for removal and

an award of costs and expenses is appropriate under 28 U.S.C. § 1447(c).

**II. Calculation of Just Costs and Actual Expenses Under 28 U.S.C. § 1447(c).**

Here, Plaintiff requests $12,910.99 in attorneys' fees and taxes for local counsel and $48,720.00 in attorneys' fees for mainland counsel.  See ECF Nos. 38-4, 39-2.  Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The lodestar calculation applies to attorney's fees awarded pursuant to 28 U.S.C. § 1447(c).  See Ramos v. Murakami, Civ. No. 06-00126 HG-LEK, 2006 WL 3248376, at *5 (D. Haw. Nov. 6, 2006).

**A. Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Here, Plaintiff requests the following rates for its counsel: $450 per hour for Mr. Dubin, who has been practicing for fifty-one years; $600 per hour for Mr. Manson, who has been practicing for forty-one years; $200 and $240 per hour for Ms. Sabina Schiller, who has been practicing for three years; $200 per hour for Mr. Lopatin, who has been practicing for two years; and $150 per hour for Ms. Sandra Schiller, who is a third-year law student. See ECF No. 38-1 at 2; ECF No. 39-1 at 9-11. Based on the information provided by counsel, the Court's knowledge of the prevailing rates in the community, the hourly rates generally granted by the Court, and the Court's familiarity with this case, the Court finds that the hourly rate requested for Mr. Dubin is reasonable and that the remaining hourly rates should be reduced as follows: $500 per hour for Mr. Mason; $185 for Ms. Sabina Schiller; $150 for Mr. Lopatin; and $85 for Ms. Sandra Schiller.

### B. Hours Reasonably Expended

To determine the number of hours reasonably expended the Court must determine if the fees requested were reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees which are excessive, duplicative, or unnecessary. See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). The Court has carefully reviewed the time

7

entries provided by Plaintiff's counsel and finds that certain deductions are appropriate.

First, clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Communications with the court and reviewing notices regarding hearings and deadlines are clerical and not compensable. See, e.g., Nicholas M. ex rel. Laura M. v. Dep't of Educ., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010). The Court has carefully reviewed counsel's time entries and finds that the following deductions are appropriate for clerical tasks: 0.25 hours of Mr. Manson's time; 2.75 hours of Ms. Sabina Schiller's time; and 0.75 hours of Mr. Lopatin's time. See ECF NO. 39-2 at 1, 4-7, 9.

Second, although the present Motions were not filed pursuant to Local Rule 54.3, which governs attorneys' fees motions following entry of judgment, the Court finds Local Rule 54.3 instructive in determining the reasonableness of the fees requested here. Under Local Rule 54.3, the party seeking an award of fees "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." LR 54.3(d)(2). Local Rule 54.3(d)(2) also requires that "entries

for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary." Id. The Court finds that several time entries submitted by Plaintiff's counsel do not contain sufficient information regarding the specific issue researched. Without this information, the Court is unable to determine the reasonableness of the fees requested and finds that the following deductions are appropriate: 38.75 hours of Ms. Sabina Schiller's time and 13.50 hours of Mr. Lopatin's time. See ECF NO. 39-2 at 3-8, 10.

Third, the Court finds that the hours requested by Plaintiff should be reduced because many of the hours were block billed. Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent). The court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)). Because the block

9

billing prevents the Court from determining the reasonableness of the hours worked, Plaintiff has failed to show that these hours were reasonably incurred. Accordingly, the Court makes the following twenty percent deductions from the block-billed hours as follows: 0.15 hours from Mr. Manson's time (twenty percent of the 0.75 hours block billed); 1.0 hours from Ms. Sabina Schiller's time (twenty percent of the 5.0 hours block billed); and 2.15 hours from Mr. Lopatin's time (twenty percent of the 10.75 hours block billed). See ECF No. 39-2 at 2, 4-5, 8-10.

Fourth, the 6.0 hours requested by Ms. Sandra Schiller for reviewing the case file are excessive and do not appear necessary based on her limited role in these proceedings. See ECF No. 39-2 at 10. The Court reduces these hours by half.

Finally, the Court makes an across the board reduction to the fees requested by mainland counsel because of mainland counsel's practice of billing by the quarter hour. See ECF No. 39-2. There are many time entries that reflect that counsel billed for fifteen minutes to review emails with co-counsel and simple pro hac vice forms that likely took only a few minutes to review. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007) (affirming a trial court's twenty percent reduction of hours for billing by the quarter hour where the trial court "found the hours were inflated because counsel billed a minimum of 15 minutes for numerous phone calls and emails that

10

likely took a fraction of the time"). The Court finds that a ten percent reduction in mainland counsel's hours is appropriate to ensure that Plaintiff does not receive any undue benefit from her counsel's practice of quarter-hour billing.

The Court FINDS that the following rates and hours are reasonable for Plaintiff's local counsel:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Gary Victor Dubin, Esq. | 27.4 | $450 | $12,330.00 |
| General Excise Tax (4.712%) | | | $580.99 |
| | | TOTAL | **$12,910.99** |

The Court FINDS that the following rates and hours are reasonable for Plaintiff's mainland counsel:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Joseph L. Manson III, Esq. | 18.6[2] | $500 | $9,300.00 |
| Sabina Schiller, Esq. | 63.25[3] | $185 | $11,701.25 |
| Asa Lopatin, Esq. | 37.35[4] | $150 | $5,602.50 |
| Sandra Schiller, law clerk | 12.0[5] | $85 | $1,020.00 |

---

[2] 19.0 hours requested - 0.25 hours for clerical tasks - 0.15 hours for block billing = 18.6 hours.

[3] 105.75 hours requested - 2.75 hours for clerical tasks - 38.75 hours for inadequate descriptions - 1.0 hours for block billing = 63.25 hours.

[4] 53.75 hours requested - 0.75 hours for clerical tasks - 13.5 hours for inadequate descriptions - 2.15 hours for block billing = 37.35 hours.

[5] 15.0 hours requested - 3.0 hours for excessive time spent reviewing the case files = 12.0 hours.

| | |
|---:|---:|
| Subtotal before 10% reduction | $27,623.75 |
| 10% reduction for quarter-hour billing | ($2,762.38) |
| **TOTAL** | **$24,861.37** |

In total, the Court RECOMMENDS that the court award Plaintiff $37,772.36 in costs and actual expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Local Counsel for Plaintiff's Application Regarding Award of Attorneys' Fees and Costs and Plaintiff's Motion for Attorneys' Fees and AWARD Plaintiff $37,772.36 in costs and actual expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 23, 2015.



Richard L. Puglisi
United States Magistrate Judge

**BENIHANA OF TOKYO, LLC, V. ANGELO, GORDON & CO., ET AL.; CIVIL NO. 15-00028 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART LOCAL COUNSEL FOR PLAINTIFF'S APPLICATION REGARDING AWARD OF ATTORNEYS' FEES AND COSTS AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**