IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BENIHANA OF TOKYO, LLC, as    )
successor to BENIHANA OF TOKYO, )   Civ. No. 15-00028 ACK-RLP
INC.,                           )
                            )
        Plaintiff,        )
                            )
   v.                        )
                            )
ANGELO, GORDON & CO., BENIHANA, )
INC., as successor to BENIHANA  )
NATIONAL CORP., and NOODLE TIME,)
INC.,                           )
                            )
        Defendants.       )
                            )

_____

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES AND COSTS**

       For the following reasons, the Court hereby OVERRULES
Defendants' Objections and ADOPTS the Magistrate Judge's Findings
and Recommendation to Grant in Part and Deny in Part Local
Counsel for Plaintiff's Application Regarding Award of Attorneys'
Fees and Costs and Plaintiff's Motion for Attorneys' Fees,
entered July 23, 2015. (Doc. No. 46.)

**PROCEDURAL AND FACTUAL BACKGROUND**

       This case arises out of a dispute between the Plaintiff
Benihana of Tokyo, LLC ("Plaintiff") and Defendants Angelo,
Gordon & Co. ("AGC"), Benihana, Inc. ("BI"), Benihana National
Corp., and Noodle Time, Inc. (collectively, "Defendants") over
their business relationship regarding the Benihana restaurants.

Plaintiff filed its original complaint in the Circuit Court of the First Circuit of Hawaii on October 3, 2014.[1/] (Doc. No. 6-3.) On December 22, 2014, Plaintiff filed its First Amended Complaint, including additional factual information. (Doc. No. 1-1.) The First Amended Complaint asserts five claims against the Defendants: common law unfair competition, unfair competition under Hawaii Revised Statutes Section 480-2, breach of contract, deceptive trade practices under Hawaii Revised Statutes Section 481A-3, and false advertising under Hawaii Revised Statutes Section 708-871. (Id. at 20-24.)

Defendants removed this action on January 26, 2015. (Doc. No. 1. ) On March 3, 2015, Plaintiff filed its Motion to Remand, arguing that remand to state court was appropriate because this Court lacks subject matter jurisdiction. (Doc. No. 18.) Specifically, Plaintiff asserted that there is no complete diversity among the parties because Plaintiff and Defendant AGC are both citizens of New York. Defendants countered that

---

[1/] Before Plaintiff filed the action in state court, it filed an action alleging the same five claims against the same Defendants in federal court. See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., Benihana, Inc., Noodle Time, Inc, and Benihana National Corp., Civil No. 14-00442 ACK-BMK, filed September 30, 2014. According to Plaintiff, it voluntarily asserted in that action that there was complete diversity between the parties, but Plaintiff and Defendant AGC are both citizens of New York. (See Mot. to Remand at 3.) Plaintiff asserts that after it realized its error, it voluntarily dismissed the federal suit on October 3, 2014, without ever serving Defendants. (Id.) On the same day, it re-filed its complaint in state court.

Defendant AGC was fraudulently joined as a sham defendant to defeat jurisdiction and, thus, jurisdiction is proper in federal court.

On April 17, 2015, Magistrate Judge Puglisi issued his Findings and Recommendation to Grant Plaintiff's Motion to Remand. (Doc. No. 25.) On June 1, 2015, this Court issued its Order Overruling Objections and Adopting Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion to Remand. (Doc. No. 35 ("6/1/15 Order").) In that Order, the Court rejected Defendants' argument that Defendant AGC was fraudulently joined. (Id.) The Court found that remand was appropriate because the Court lacks subject matter jurisdiction in light of the fact that Plaintiff and Defendant AGC are citizens of the same state. (Id.) In so concluding, the Court held that Defendants had "failed to show by clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action against Defendant AGC." (Id. at 14.) Thus, the Court adopted the Findings and Recommendation and concluded that remand to state court was proper. (Id.)

On June 15, 2015, Plaintiff filed the instant motions regarding attorneys' fees: Local Counsel for Plaintiff's Application Regarding Award of Attorney's Fees and Costs, (Doc. No. 38,) and Plaintiff's Motion for Attorneys' Fees. (Doc. No. 39.) On July 23, 2015, Magistrate Judge Puglisi issued his

Findings and Recommendation to Grant in Part and Deny in Part
Local Counsel for Plaintiff's Application Regarding Award of
Attorney's Fees and Costs and Plaintiff's Motion for Attorneys'
Fees. (Doc. No. 46 ("7/23/15 F&R").) Defendants filed their
Objections to the 7/23/15 F&R on August 6, 2015. (Doc. No. 47.)
Plaintiff filed a response to the Objections on August 24, 2015.
(Doc. No. 48.)

**STANDARD**

A district court reviews de novo those portions of a
magistrate judge's findings and recommendation to which an
objection is made and may accept, reject, or modify, in whole or
in part, the findings and recommendation made by the magistrate
judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule
74.2. The district court may accept those portions of the
findings and recommendation that are not objected to if it is
satisfied that there is no clear error on the face of the record.
United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23,
2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw.
2003).

The district court may receive further evidence or
recommit the matter to the magistrate judge with instructions. 28
U.S.C. § 636(b)(1). It may also consider the record developed
before the magistrate judge. Local Rule 74.2. The district court
must arrive at its own independent conclusions about those

portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Bright, 2009 WL 5064355, *3; Local Rule 74.2.

## DISCUSSION

In the 7/23/15 F&R, the magistrate judge found that an award of just costs and actual expenses associated with the removal is appropriate under 28 U.S.C. § 1447(c). The magistrate then went on to analyze the reasonableness of the requested rates and hours, and concluded that the Court should award Plaintiff a total of $37,772.36 in attorneys' fees, costs, and actual expenses incurred by mainland counsel and local counsel as a result of removal. (Doc. No. 46.)

Defendants object to the magistrate judge's conclusions insofar as they assert that the magistrate judge erred in finding that Plaintiff was entitled to an award of attorneys' fees under 28 U.S.C. § 1447(c). (Obj. at 4.) Defendants do not, however, appear to object to the magistrate judge's calculation of the amount of the award. (Id. at 4 n.2.) The Court therefore turns to an analysis of the magistrate's determination that an award of fees and costs is appropriate under 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

5

removal." The Ninth Circuit has explained the standard for making

such an award as follows:

> The Supreme Court settled the standard for
> awarding attorney's fees when remanding a case to
> state court in <u>Martin v. Franklin Capital Corp.</u>,
> 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547
> (2005). The Court held that "the standard for
> awarding fees should turn on the reasonableness of
> the removal." <u>Id.</u> at 141, 546 U.S. 132, 126 S.Ct.
> 704, 163 L.Ed.2d 547. As the Court put it,
> "[a]bsent unusual circumstances, courts may award
> attorney's fees under § 1447(c) only where the
> removing party lacked an objectively reasonable
> basis for seeking removal. Conversely, when an
> objectively reasonable basis exists, fees should
> be denied." <u>Id.</u>

<u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th

Cir. 2008) (alteration in original) (footnotes omitted). That a

removing party's arguments lack merit is not enough to render

removal objectively unreasonable. <u>Id.</u> Rather, removal is

objectively unreasonable if "the relevant case law clearly

foreclosed the defendant's basis of removal." <u>Id.</u> at 1066 (citing

<u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789 (7th Cir. 2007)). The Court

must therefore assess whether Defendants' removal of the instant

case was objectively unreasonable, or clearly foreclosed by the

relevant case law.

Defendants have asserted that removal of the case was

warranted because Defendant AGC was fraudulently joined in the

suit to avoid diversity jurisdiction. (<u>See</u> Doc. No. 28 at 2.)

Generally, joinder is fraudulent "[i]f the plaintiff fails to

state a cause of action against a resident defendant, and the

6

failure is obvious according to the settled rules of the state."
Hunter v. Phillip Morris, USA, 582 F.3d 1039, 1043 (9th Cir.
2009). Defendants offered as evidence that Defendant AGC was
fraudulently joined the fact that Plaintiff failed to
specifically name Defendant AGC in each of the enumerated counts
of the First Amended Complaint, and that AGC has "no connection
to the actual causes of action alleged in the complaint." (Doc.
No. 28 at 2.)

        In rejecting this argument, the Court noted that, while
AGC is not specifically named in each claim, the First Amended
Complaint nevertheless contains numerous allegations regarding
AGC's conduct in bringing about the alleged harm. For example,
the First Amended Complaint states that the relationship between
Plaintiff and Defendant BI was "good" until "AGC acquired BI."
(FAC ¶ 20.) Plaintiff asserts that AGC was the impetus behind the
attempt to purchase Plaintiff, (id. ¶¶ 22-24,) and that when
Plaintiff rejected the purchase offer "AGC and BI went on the
offensive," and "in a concerted effort to force an unwilling
[Plaintiff] to sell, the Defendants . . . engaged in a strategy
aimed at inflicting damage to [Plaintiff's] well-developed
reputation and simultaneously financially degrading the company."
(Id. ¶ 24.) Plaintiff further alleges that "AGC and BI initiated
a plan to litigate multiple cases against [Plaintiff]," thereby
damaging its reputation and finances. (Id. ¶ 26.) The First

Amended Complaint also contains allegations implicating AGC in BI's attempt to terminate the licensing agreement with Plaintiff. (See id. ¶¶ 46, 60.) Finally, in a paragraph that appears directly before the enumerated counts, Plaintiff summarizes the factual allegations against "Defendants" and states that "they have engaged in unfair competition and made false statements, in violation of Hawaii law. In addition, Defendants have breached the ARA." (Id. ¶ 84.) Thus, the First Amended Complaint clearly and plainly sets forth specific factual allegations as against Defendant AGC. The Court is therefore unpersuaded that the complaint was so completely lacking in allegations against Defendant AGC that Defendants had an objectively reasonable basis for asserting that removal was appropriate based on a theory of fraudulent joinder.

Moreover, Defendants had no objectively reasonable grounds to believe that Plaintiff's claims against Defendant AGC would obviously fail under settled Hawaii law. As noted above, in the First Amended Complaint, Plaintiff brings claims for common law unfair competition, unfair competition under Hawaii Revised Statutes § 480-2, common law breach of contract, deceptive trade practices under Hawaii Revised Statutes § 481A-3, and false advertising under Hawaii Revised Statutes § 708-871. Leaving aside whether or not the claims may actually be proven, there is no question as to Plaintiff's ability to assert them as against

Defendant AGC under Hawaii law. The Court therefore cannot conclude that Defendants had a reasonable belief that there was no possibility that Hawaii state law might impose liability on Defendant AGC under the facts alleged in the First Amended Complaint. See Hunter, 582 F.3d at 1044 ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent[.]").

In sum, knowing the extremely high standard for fraudulent joinder (which requires that Defendants prove by clear and convincing evidence that there is no possibility of a claim against Defendant AGC), and in light of the many allegations contained in the First Amended Complaint against Defendant AGC, the Court concludes that Defendants lacked an objectively reasonable basis for removal in this case. See Cnty. of Hawaii v. Univev, LLC, Civ. No. 09-00368 ACK-LEK, 2010 WL 520696, at *26 (D. Haw. Feb. 11, 2010). The Court therefore OVERRULES Defendants Objections and ADOPTS the magistrate judge's finding and recommendation that an award of costs and expenses is appropriate under 28 U.S.C. § 1447(c).

No party has objected to the portion of the 7/23/15 F&R addressing the calculation of just costs and actual expenses under 28 U.S.C. § 1447(c), (see Obj. at 4 n. 2,) and the Court is

9

satisfied that there is no clear error on the face of the record as to those findings. The Court therefore ADOPTS that portion of the 7/23/15 F&R as well.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Defendants' Objections and ADOPTS the magistrate judge's Finding and Recommendation to Grant in Part and Deny in Part Local Counsel for Plaintiff's Application Regarding Award of Attorney's Fees and Costs and Plaintiff's Motion for Attorneys' Fees. The Court awards Plaintiff $37,772.36[2/] in attorneys' fees, costs, and actual expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 14, 2015



_____
Alan C. Kay
Senior United States District Judge

Benihana of Tokyo, LLC v. Angelo, Gordon & Co., et al., Civ. No. 15-00028 ACK-RLP; Order Overruling Objections and Adopting Magistrate Judge's Findings and Recommendation Regarding Attorneys' Fees and Costs

---

[2/] As set forth in the Findings and Recommendation, the Court awards $12,910.99 in attorneys' fees, costs, and expenses incurred by local counsel, and $24,861.37 in attorneys' fees, costs, and expenses incurred by mainland counsel.